## HURLBURT v. GREENE.
### No. 3174.

District Court, D. Massachusetts.
Oct. 16, 1930.

James R. Hodder, of Boston, Mass., and Newell & Spencer and Geo. M. Dowe, all of New York City, for plaintiff.

Melvin R. Jenney, Burton W. Cary, and Van Everen, Fish, Hildreth & Cary, all of Boston, Mass., for defendant.

MORTON, District Judge.

This is a suit for infringement of patent No. 1,526,601 for improvement in packing-ring compressor sleeves, to W. Hurlburt, dated February 17, 1925, application filed June 23, 1921.

The defendant admits making and selling the articles alleged to infringe. The defenses relied upon are that the patent is void for lack of novelty and that, properly construed, it does not cover the defendant's device.

The patent relates to devices for compressing piston rings so that they can be entered into the cylinder. Such rings are made slightly larger than the cylinder and of springy material, the tension of which holds the rings against the cylinder wall and makes the piston tight. Entering the rings is a rather troublesome job, because they have to be held in the compressed position while the piston carrying them is pushed into the cylinder. Various devices have been used to hold them from a simple string tied around each ring to the rather elaborate ones shown in some of the patents in evidence. None of them appears to have been nearly as satisfactory as the plaintiff's compressor. The defendant's device is a mere copy of it.

As to novelty and invention: The device in question is simple and easily understood on inspection of it. No question arises as to the details of its construction or the manner in which it operates. It would serve no useful purpose to describe it at length. It rests on old principles and combines old parts. Every element of the plaintiff's compressor can be found in earlier ones, except the precise form of "buttress" or clamp. But the parts have been brought together in a new way, to make a new tool having a distinct individuality and superior to any which preceded it. It is a narrow patent, but I think a good one. On all the evidence I find and rule that the patent in suit is not invalid for lack of novelty or invention.

The only other question is whether the patent covers the defendant's structure. As above stated, the defendant's appliance is a copy of that commercially sold by the plaintiff. The defendant contends that neither is within the field of the patent. The commercial form of the plaintiff's compressor differs from that shown in the patent. In the patent the clamp or "buttress" is not movable longitudinally along the sleeve. There is an "ear" integral with the middle of the hook on one side of the sleeve, having a hole through which the screw of the clamp passes with a loose fit. The object is to keep the clamp and the sleeve from becoming separated when not in use. It restricted longitudinal movement of the clamp on the sleeve. In the commercial form this ear is omitted and the clamp is entirely separate from the sleeve when the tool is not in use. It can be moved along the sleeve and applied at any point thereon from one end to the other. I am satisfied that it is advantageous in the practical use of the tool to be able to apply the clamp near the end of the sleeve, and that this capacity for longitudinal adjustment is important. The commercial form of the plaintiff's compressor is not expressly described in the specifications of the patent. It embodies, however, the inventive idea of the patent; and it comes very clearly within the language of claims 1 and 4. In my opinion it is covered by the patent.

Decree for plaintiff.